UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MADISON R. SPANN,

                        Plaintiff,

-against-

PEEKSKILL POLICE; JOHN DOE,
PEEKSKILL POLICE OFFICER; JOHN DOE,
PEEKSKILL POLICE OFFICER,

                        Defendants.

25-CV-4373 (JGLC)

**ORDER OF SERVICE**

JESSICA G. L. CLARKE, United States District Judge:

      Plaintiff, who currently is detained in the Westchester County Jail, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants used excessive force against him. By order dated June 10, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

**STANDARD OF REVIEW**

      The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*,"

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

A.  **Claims against the Peekskill Police**

Plaintiff's claims against the "Peekskill Police," which the Court understands to be the City of Peekskill Police Department, must be dismissed because, unless otherwise authorized by a municipal charter, municipal agencies, such as the Peekskill Police Department, are not suable entities. *See Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter.*" (emphasis in original)); *Emerson v. City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). The City Charter of the City of Peekskill does not authorize the Peekskill Police Department to sue or be sued in its own name. *See generally* City of Peekskill, New York, City Charter, Article IX.

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of Peekskill, the Court construes the complaint as asserting claims against the City of Peekskill, and directs the Clerk of Court to amend the caption of this action to replace the Peekskill Police with the City of Peekskill. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of Peekskill may wish to assert.

B.  **Service on the City of Peekskill**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6

---

[2]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendant City of Peekskill through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this defendant.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

C.   *Valentin* **order**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the City of Peekskill to identify the two John Doe police officers who arrested Plaintiff in April 2025. It is therefore ordered that the Corporation Counsel of the City of Peekskill, which is the attorney for and agent of the City of Peekskill, must ascertain the identity and badge number of each John Doe whom Plaintiff seeks to sue here and the address

---

summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

where the defendant may be served. The Corporation Counsel must provide this information to Plaintiff and the Court within 60 days of the date of this order.

Within 30 days of receiving this information, Plaintiff must file an amended complaint naming the newly identified John Doe defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John Doe Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

## CONCLUSION

The Court dismisses Plaintiff's claims against the Peekskill Police. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to add the City of Peekskill as a defendant under Fed. R. Civ. P. 21.

The Clerk of Court is directed to issue a summons for the City of Peekskill, complete the USM-285 form with the address for this defendant, and deliver all documents necessary to effect service on this defendant to the U.S. Marshals Service.

The Clerk of Court is also directed to mail a copy of this order and an information package to Plaintiff. The Clerk of Court is further directed to mail a copy of this order and the complaint to Corporation Counsel for the City of Peekskill at: City Hall, 840 Main Street, Peekskill, NY 10566.

SO ORDERED.

Dated: June 20, 2025
     New York, New York

*Jessica Clarke*
JESSICA G. L. CLARKE
United States District Judge

4

**SERVICE ADDRESS FOR DEFENDANT**

City of Peekskill
Corporation Counsel
Peekskill City Hall
840 Main Street
Peekskill, NY 10566