UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------X

MADISON R. SPANN,

Plaintiff,

-against-

CITY OF PEEKSKILL S/H/A PEEKSKILL POLICE,

Defendant.

---------------------------------------------------X

**ORDER**

25 Civ. 4373 (JGLC)(JCM)

Presently before the Court is *pro se* plaintiff Madison R. Spann's ("Plaintiff") application for the appointment of *pro bono* counsel. (Docket No. 57). For the reasons set forth below, the Court denies Plaintiff's request with leave to renew should circumstances change.

Although there is no constitutional right to counsel in civil cases, courts have the authority to request an attorney for any person unable to afford counsel. *See* 28 U.S.C. § 1915(e)(1). However, the court has "[b]road discretion . . . in deciding whether to appoint counsel pursuant to this provision." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). In exercising this discretion, the court must undertake two initial inquiries: (1) whether Plaintiff can afford counsel; and, if not, (2) whether the merits of the case and Plaintiff's position "seem[] likely to be of substance." *Massey v. Greinal*, 164 F. Supp. 2d 377, 378 (S.D.N.Y. 2001) (quoting *Hodge*, 802 F.2d at 61-62).

Only after making these initial findings may the court consider secondary factors, such as Plaintiff's "ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to the fact finder], the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why

appointment of counsel would be more likely to lead to a just determination." *Johnston v. Maha*, 606 F.3d 39, 42 (2d Cir. 2010) (quoting *Hodge*, 802 F.2d at 61-62). Since the court "does not have a panel of attorneys who can be compelled to take on civil cases *pro bono*, and does not have the resources to pay counsel in civil matters, the appointment of counsel is a rare event." *Garcia-Garcia v. City of New York*, No. 12 Civ. 1302 (CM), 2013 WL 150206, at *1 (S.D.N.Y. Jan. 11, 2013).[1]

Despite claiming that he has not previously filed an *in forma pauperis* request in this action, (Docket No. 57 at 1),[2] the Court notes that Plaintiff was granted leave to proceed *in forma pauperis* on June 10, 2025, (*see* Docket Nos. 8, 37). Thus, Plaintiff has demonstrated that he is indigent and cannot afford counsel. *See Martinson v. U.S. Parole Comm'n*, No. 02 Civ. 4913 (DLC)(DF), 2004 WL 203005, at *3 (S.D.N.Y. Feb. 2, 2004). The Court further assumes, for the purposes of this application, that Plaintiff's claims may have merit.[3]

The instant application is Plaintiff's first request for the appointment of *pro bono* counsel. (Docket No. 57 at 1). In support of this motion, Plaintiff alleges that he "[does] not have the legal expertise to defend [his] civil rights in the excessive force used against [him] by the Peekskill Police." (*Id.*). Plaintiff further asserts that he previously signed an agreement with an attorney to represent him, but the attorney later developed a "serious illness" and informed Plaintiff that he could not continue working on his case. (*Id.* at 2).

---

[1] If Plaintiff does not have access to cases cited herein that are available only by electronic database, then he may request copies from Defendant's counsel. *See* Local Civ. R. 7.2 ("Upon request, counsel must provide the pro se litigant with copies of such unpublished cases and other authorities as are cited in a decision of the court and were not previously cited by any party.").

[2] All page number citations herein refer to the page numbers assigned upon ECF filing, unless otherwise noted.

[3] Plaintiff brings claims under 42 U.S.C. § 1983 alleging that two police officers used excessive force while arresting him in April of 2025. (Docket No. 1 at 4-5).

Upon review of the record, the Court finds that this case does not present any complex legal issues and observes that Plaintiff has thus far demonstrated an ability to represent himself. For instance, Plaintiff has independently filed the Complaint, (Docket No. 1), a request to proceed *in forma pauperis*, (Docket No. 2), and the instant motion, (Docket No. 57). Plaintiff also conducted himself ably when appearing before the undersigned for status conferences on September 29, 2025, December 12, 2025, March 23, 2026, and May 29, 2026. Furthermore, the record is replete with letters and motions that Plaintiff filed *pro se*. (*See, e.g.*, Docket Nos. 5-7, 10-11, 15-17, 26-30, 41-43, 45, 47-49, 57-59). Finally, Plaintiff remains fully engaged in discovery. He sat for a deposition on June 26, 2026, (Docket No. 55 at 1), and jointly filed a letter motion on July 1, 2026, seeking to extend the discovery deadline to August 31, 2026, which the Court granted, (Docket No. 56).

Therefore, because the Court does not find any circumstances warranting the appointment of *pro bono* counsel at this time, Plaintiff's application for appointment of counsel is denied with leave to renew should circumstances change. *See Ross v. Brown*, No. 09 Civ. 5737 (PKC)(DF), 2010 WL 3154561, at *3 (S.D.N.Y. Aug. 3, 2010).

The Clerk of Court is respectfully directed to terminate the pending motion (Docket No. 57), and mail a copy of this Order to the *pro se* Plaintiff.

Dated: July 28, 2026
White Plains, New York

**SO ORDERED:**

Judith C. McCarthy

JUDITH C. McCARTHY
United States Magistrate Judge